UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

UNITED STATES OF AMERICA

    - v. -

RUI-SIANG LIN,
  a/k/a "Ruisiang Lin,"
  a/k/a "林睿庠,"
  a/k/a "Pharoah,"
  a/k/a "faro,"

            Defendant.

------------------------------------ x

**SECOND CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY**

24 Cr. 178 (CM)

[Stamp: COPY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 2/4/2026]

        WHEREAS, on or about March 26, 2024, RUI-SIANG LIN (the "Defendant"), was charged in a four-count Sealed Indictment, 24 Cr. 178 (CM) (the "Indictment"), with continuing criminal enterprise, in violation of Title 21, United States Code, Sections 848(a), 848(b), 848(c) (Count One); narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Two); money laundering – concealment, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and 2 (Count Three); and conspiracy to sell adulterated and misbranded medication, in violation of Title 18, United States Code, Section 371 (Count Four);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly as a result of the offense charged in Count One of the Indictment; any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Indictment; and any and all interest in, claims against, and property and contractual rights affording a source of control over the continuing criminal enterprise described in Count One of the Indictment, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offense

charged in Count One of the Indictment, including various specific property (the "Indictment Property");

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Two of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count Two of the Indictment, including but not limited to a sum of money in United States currency representing the proceeds traceable to the commission of the offense charged in Count Two of the Indictment, and the Indictment Property;

WHEREAS, the Indictment included a forfeiture allegation as to Count Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Three of the Indictment, including but not limited to a sum of money in United States currency representing the proceeds traceable to the commission of the offense charged in Count Three of the Indictment, and the Indictment Property;

WHEREAS, the Indictment included a forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461(c), of any and all drugs that were adulterated or misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of section 311, 344, or 355 of this title, have been introduced into interstate

commerce, including but not limited to a sum of money in United States currency representing the value of such property;

WHEREAS, on or about December 16, 2024, the Defendant pled guilty to Counts Two through Four of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts Two through Four and agreed to forfeit to the United States: (i) a sum of money equal to $105,045,109.67 in United States currency, representing: (a) pursuant to Title 21, United States Code, Section 853, property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Two of the Indictment, any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count Two of the Indictment; (b) pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in the offense charged in Count Three of the Indictment, or any property traceable to such property; (c) pursuant to Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461(c), the value of any and all drugs that were adulterated or misbranded drugs in the offense charged in Count Four of the Indictment; and (ii) all right, title and interest of the Defendant in certain specific property (the "Subject Property");

WHEREAS, on or about December 16, 2024, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment ("Preliminary Order of Forfeiture") imposing a forfeiture money judgment in the amount of $105,045,109.67 in United States currency (the "Money Judgment") and forfeiting the Defendant's right, title and interest in the Subject Property to the Government (D.E. 26);

WHEREAS, since the entry of the Preliminary Order of Forfeiture, the Government has identified the following property as property constituting proceeds traceable to the offenses

charged in Count Two of the Indictment that the Defendant personally obtained, and the property involved in the offense charged in Count Three of the Indictment:

    a. Non-fungible token (NFT) NameWrapper staking.zenpeak.eth ID #: 15373378141377443405278971675196924601571520217954740743959888885981066921587 staking.zenpeak.eth minted Mar-14-2024;

    b. Non-fungible token (NFT) NameWrapper zenpeak.eth ID #: 33215929723091082688754599751465936161640511810051158577959560397254345945652 zenpeak.eth minted Mar-14-2024;

(a. and b., together, the "Specific Property");

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property as proceeds traceable to the offenses charged in Count Two of the Indictment the Defendant personally obtained, the property involved in the offense charged in Count Three of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Ryan B. Finkel and Nicholas W. Chiuchiolo, of counsel, and the Defendant and his counsel, Noam K. Biale, Esq., that:

1.    As a result of the offenses charged in Counts Two through Four of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in

the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Second Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant RUI-SIANG LIN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Second Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances

of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

8. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

9. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

10. The Court shall retain jurisdiction to enforce this Second Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

11. The signature page of this Second Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          1/29/26
    RYAN B. FINKEL                          DATE
    NICHOLAS W. CHIUCHIOLO
    Assistant United States Attorneys
    26 Federal Plaza
    New York, NY 10278
    (212) 637-6612 / -1247


RUI-SIANG LIN

By: RuiSiang Lin                            Jan 23rd, 2026
    RUI-SIANG LIN                           DATE


By: _____          1/29/26
    NOAM K. BIALE, ESQ.                     DATE
    Attorney for Defendant
    90 Broad Street
    New York, NY 10004


SO ORDERED:

_____               2/3/2026
HONORABLE COLLEEN MCMAHON                   DATE
UNITED STATES DISTRICT JUDGE